IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARUN VELUCHAMY,

    Appellant,

v.    No. 11 C 8263

BRENDA PORTER HELMS,

    Appellee.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant Arun Veluchamy's (Veluchamy) appeal from the ruling of the bankruptcy court in bankruptcy case number 11 B 33413. For the reasons stated below, this court affirms the bankruptcy court.

## BACKGROUND

On August 14, 2011, seventeen corporate entities (Delaware Entities) controlled by Veluchamy and his sister filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (Delaware Bankruptcy Proceedings). On August 16, 2011, Pethinaidu Veluchamy and Parameswari Veluchamy (collectively

1

referred to as "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, which are the instant bankruptcy proceedings. Appellee Brenda Porter Helms was appointed the Chapter 7 trustee over the bankruptcy estate (Estate). Appellee contends that Debtors defaulted on loans extended by Bank of America's (BOA) predecessor totaling $29 million and one of Debtors personally guaranteed an additional $10 million loan, which they have not repaid (collectively referred to as "Loans"). Appellee contends that BOA brought an action against Debtors and in December 2010, BOA obtained a judgment of more than $43 million against Debtors.

Appellee contends that she discovered that there were significant transfers of assets by Debtors prior to filing for bankruptcy. According to Appellee, Debtors have engaged in systematic scheme to transfer tens of millions of dollars to India and other locations abroad. In addition, although Debtors have represented to Appellee that they have absolutely no money, Appellee indicates there is evidence showing that Debtors continue to maintain a lavish lifestyle, paid for by funds received by the Delaware Entities, and that such entities received more than $18 million from Debtors subsequent to their defaults on the Loans. Appellee believed that Debtors might continue to transfer assets to family members who owned interests in the Delaware Entities and Appellee determined that it would be in the best interest of the

Estate for Appellee to be represented in the Delaware Bankruptcy Proceedings. On September 19, 2011, Appellee filed an Application for Entry of Order Authorizing Retention and Employment of William E. Chipman, Jr. (Chipman) and Landis Rath & Cobb LLP (LR&C) as special counsel to represent the Appellee in the Delaware Bankruptcy Proceedings (Special Counsel Motion). The Bankruptcy court granted the Special Counsel Motion on October 7, 2011. Although neither of Debtors appealed the ruling, Veluchamy, who is the son of Debtors, filed the instant appeal. Veluchamy brings the instant appeal as a party in interest since he is a creditor of Debtors.

## LEGAL STANDARD

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. 28 U.S.C. § 158. On appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009)(stating that the court "review[s] the bankruptcy court's determinations of law de novo and findings of fact for clear error," but "where the bankruptcy code

commits a decision to the discretion of the bankruptcy court, [the court] review[s] that decision only for an abuse of discretion"); *see also In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997)(stating that a "bankruptcy court's findings of fact are upheld unless clearly erroneous and the legal conclusions are reviewed *de novo*"). Where there are mixed questions of law and fact, the district court conducts a *de novo* review. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

## DISCUSSION

Veluchamy argues that the Bankruptcy court erred by applying the incorrect standard in ruling on the Special Counsel Motion. Veluchamy also argues that, even under the standard applied by the bankruptcy court, the Special Counsel Motion should not have been granted.

### I. Proper Standard for Special Counsel Motion

Veluchamy argues that the Bankruptcy court should have applied the standard under 11 U.S.C. § 327(a) (Section 327(a)), instead of the standard under 11 U.S.C. § 327(e). Section 327(a) provides the following:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers,

4

auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Section 327(e) provides the following:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e); *see also In re Devlieg, Inc.*, 56 F.3d 32, 34 (7th Cir. 1995)(explaining that "Section 327(a) governs retention of counsel to handle the entire bankruptcy proceeding for the debtor," and "[S]ection 327(e) the retention of counsel to handle specific matters"); *In re J.S. II, L.L.C.*, 371 B.R. 311, 317 (Bankr. N.D. Ill. 2007)(stating that "[t]he key difference between employment under [S]ection 327(a) and employment under [S]ection 327(e) is that the conflict of interest standard in [S]ection 327(e) is more relaxed than the standard embodied in [S]ection 327(a)"). In the instant appeal, Veluchamy argues that the Special Counsel Motion failed to identify a special purpose of the appointment, that the services were so broad in scope as to constitute a general retention of counsel, and that L R&C was not qualified to act as special counsel.

### A. Special Purpose

Veluchamy argues that Appellee did not include a "specified special purpose"

5

in the Special Counsel Motion and that the motion did not comply with Section 327(e). 11 U.S.C. § 327(e). Contrary to Veluchamy's contention, the Special Counsel Motion specified that the appointment was to serve as Appellee's "special local counsel" in the Delaware Bankruptcy Proceedings. (SC App. Par.5 ). Appellee explains that she required local counsel in Delaware familiar with the practice in the federal Bankruptcy court in Delaware, which could devote significant time to the Delaware Bankruptcy Proceedings. Veluchamy acknowledges that LR&C has its primary practice in the federal bankruptcy court in Delaware. (Applt. 2); *see also In re J.S. II, L.L.C.*, 371 B.R. at 321 (citing *In re French*, 139 B.R. 485, 489 (Bankr. D.S.D. 1992) for the principle that "[S]ection 327(e) permits the utilization of prior counsel's special knowledge and experience for the benefit of the estate"). The Special Counsel Motion also specifically referenced LR&C's role in pursuing the "motion to transfer venue" to Illinois. (SC App. Par. 7). LR&C, in fact, accomplished one of its select tasks and the Delaware Bankruptcy Proceedings were transferred to Illinois. Veluchamy also argues that under Federal Rule of Bankruptcy Procedure 2014(a) an application for appointment of counsel must state "the professional services to be rendered. . . ." Fed. R. Bankr. P. 2014(a). However, as explained above, the nature of LR&C's limited services was indicated in the Special Counsel Motion. Thus, the bankruptcy court properly concluded that LR&C was appointed for a specified special purpose consistent with Section 327(e).

B. Scope of Representation

Veluchamy argues that the scope of LR&C's representation was so broad as to constitute a general retention of counsel. However, as indicated above, LR&C was appointed for select specified purposes. The record reflects that Appellee has retained Arnstein & Lehr LLP (A&L) to represent her in the instant bankruptcy proceedings. The record reflects that A&L serves as general counsel for Appellee and that LR&C was retained solely to address the issues in Delaware since A&L does not have offices in Delaware. The record also reflects that LR&C performed the necessary task of obtaining a transfer of the Delaware Bankruptcy Proceedings to Illinois. Veluchamy also contends that LR&C was not a "minor one-issue engagement." (Applt. 6). However, Veluchamy cites no precedent that specifies that a special counsel can be appointed to address one issue only. In addition, the fact that Appellee indicates that A&L will now take over the representation in the Delaware Bankruptcy Proceedings further illustrates that LR&C was retained solely for a limited purpose. (Appellee 8, 11). Thus, the bankruptcy court properly concluded that the representation by LR&C was a special retention of counsel consistent with Section 327(e).

C. Whether Qualified to Act as Special Counsel

Veluchamy argues that LR&C and Chipman were not qualified to act as special counsel under Section 327(e) because LR&C had not represented Debtors

7

prior to the filing of the bankruptcy petitions in this case. Section 327(e) references "an attorney that has represented the debtor," but the statute contains no express statement providing that special counsel must have represented the debtor prior to the filing of the Bankruptcy petition. Veluchamy cites no controlling precedent that supports his interpretation of the above language in Section 327(e). In addition, other courts in this district in fact have not identified prior representation of the debtor as a condition for appointment as special counsel. *In re DeVlieg, Inc.*, 174 B.R. 497, 502 (N.D. Ill. 1994)(identifying the "three conditions for such employment"). Therefore, based on the above, the Bankruptcy court properly applied the standard under Section 327(e) in ruling on the Special Counsel Motion.

The court also notes that, even if the bankruptcy court had applied the standard under Section 327(a), LR&C was a disinterested party that could have been properly appointed to serve as counsel for Appellee. *See, e.g., In re Champ Car World Series, LLC*, 411 B.R. 619, 625 (Bankr. S.D. Ind. 2008)(noting that "Section 327(a)(1) is phrased in the present tense, leading courts to conclude that disqualification is proper only if prospective counsel *presently* 'holds' or 'represents' an interest adverse to the estate, regardless of 'any interests it may have held or represented in the past'")(emphasis in original).

II. Ruling Under Section 327(e)

Veluchamy argues that, even if the standard under Section 327(e) applied to

8

the Special Counsel Motion, the Bankruptcy court erred in granting the motion because, according to Veluchamy, LR&C failed to disclose all of its connections with interested parties and LR&C has an adverse interest to the Estate.

### A. Disclosure of Connections

Veluchamy contends that LR&C failed to disclose certain connections to interested parties. However, the record reflects that LR&C disclosed all relevant connections that were material to LR&C's appointment as special counsel. Veluchamy fails to cite to any controlling precedent requiring additional disclosures. Veluchamy has not shown that any material connections were concealed from the bankruptcy court or that the court overlooked any such connections.

### B. Adverse Interest to Estate

Veluchamy argues that LR&C and Chipman possess interests adverse to the Estate. As indicated above, a special counsel cannot "represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Section 327(e) requires that the special counsel have neither "an actual or a reasonably probable conflict of interest." *In re J.S. II, L.L.C.*, 371 B.R. at 321. Veluchamy contends that LR&C represented BOA, which is the largest creditor of Debtors. LR&C disclosed in an affidavit filed

9

by Chipman that LR&C had previously represented BOA in matters unrelated to the instant proceedings or the Delaware Bankruptcy Proceedings and that such representation had been terminated years prior to the filing of the bankruptcy petition in the instant action. Veluchamy contends that BOA "has every incentive to hamper [LR&C's] representation of [Appellee], and to prevent her from receiving unbiased advice she needs and deserves." (Applt. 13). The theory that LR&C would be controlled by BOA, a former client on an unrelated matter, and that BOA would coerce LR&C to provide biased advice to Appellee is baseless conjecture on the part of Veluchamy. Nothing in the record supports such an outlandish theory. The court also notes that although Veluchamy, a creditor of Debtors presents such a theory, neither the bankruptcy court, Appellee, or Debtors, the parties most familiar with the facts in this case, concluded that such a hidden influence existed.

Veluchamy also asserts that in order to act in the best interest of the Estate, Appellee must oppose BOA's lien on the Estate, but Veluchamy offers nothing more than his own speculation on that point. While Veluchamy, who admits he is a creditor of Debtors, may desire certain actions that would benefit him, the Appellee is the one charged with looking out for the best interests of the Estate as a whole. Veluchamy also argues that LR&C's prior contacts with interested parties will be a conflict because of LR&C's role in overseeing the reorganization of the Delaware Entities, which will "be a core matter in this bankruptcy case." (Applt. 8). However, as explained above, once LR&C successfully had the Delaware

Bankruptcy Proceedings transferred to Illinois, LR&C's services are no longer required by Appellee. (Appellee 8).

Chipman also disclosed that LR&C had previously held a proxy for an entity that is a creditor of the Delaware Entities. In addition, Veluchamy has not shown that such past conduct disqualified LR&C as Special Counsel. Veluchamy also contends that LR&C "likely bound itself to comply with [BOA's] guidelines for outside counsel," which Veluchamy contends created conflicts. (Applt. 11). However, Veluchamy must offer more than speculation to show that the bankruptcy court after reviewing the record erred in failing to recognize a material conflict. Veluchamy has not shown that Chipman or LR&C failed to disclose any information material to a ruling on the Special Counsel Motion. Veluchamy has not shown that LR&C holds any interest adverse to the Estate or that LR&C was required to enter into a conflict waiver with BOA. Nor has Veluchamy provided any specific evidence showing that LR&C should have been disqualified to serve as special counsel.

Appellee has shown that the appointment of LR&C was in the best interests of the Estate. The Appellee, as trustee of the Estate, has the obligation to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest . . . ." 11 U.S.C. § 704(a)(1). Appellee has shown that she discovered that millions of dollars had been transferred to the Delaware Entities by Debtors prior to

filing bankruptcy. Appellee has shown: (1) that there was a real and imminent threat to the Estate, (2) that appointment of LR&C was necessary to ensure that Estate interests were not impaired in the Delaware Bankruptcy Proceedings, and (3) that appointment of LR&C was necessary to ensure that potential Estate assets were not placed at risk or permanently lost abroad. *In re J.S. II, L.L.C.*, 371 B.R. at 320 (stating that "[a]n attorney's employment as special counsel under section 327(e) must be in the best interest of the bankruptcy estate" and "[a]n applicant must establish that there is an actual need for the applicant's services based upon a real and actual threat to the estate"). The bankruptcy court correctly recognized the need for the appointment of special counsel to protect the interests of the Estate. Thus, the bankruptcy court properly concluded that LR&C was qualified to act as special counsel under Section 327(e). Based on the above, the bankruptcy court is affirmed.

## CONCLUSION

Based on the foregoing analysis, this court affirms the bankruptcy court in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 24, 2012